**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **HARTMUT GRAEWE,** | ) | **CASE NO.  1:82CR119** |
| | ) | **1:18CV655** |
| | ) | |
| **Petitioner,** | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **Respondent.** | ) | |
| | ) | |

The instant matter is before the Court upon Petitioner Hartmut Graewe's ("Petitioner")

Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28

U.S.C. § 2255.  Doc. 21. The petition is DISMISSED.

**I. STANDARD OF REVIEW**

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the

proceedings which necessarily results in a complete miscarriage of justice or an egregious error

violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994).  A federal district

court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence

of an error of constitutional magnitude which had a substantial and injurious effect or influence on

the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Additionally, 28 U.S.C. § 2255(f)(1) provides as follows:  "A 1-year period of limitation

shall apply to a motion under this section. The limitation period shall run from the … date on which

the judgment of conviction becomes final[.]"[1]

> The one-year statute of limitations for filing a § 2255 petition is subject to equitable
> tolling. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749–50 (6th Cir.
> 2011) (citing Holland v. Florida, —— U.S. ——, ——, 130 S.Ct. 2549, 2560, 177

---

[1] The remaining dates contained  in subsections (2) through (4) are inapplicable herein.

L.Ed.2d 130 (2010)). Petitioner bears the burden of demonstrating he is entitled to equitable tolling. *See McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted). Until recently, we used a five-factor inquiry to determine whether a habeas petitioner was entitled to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001) (identifying the following factors as relevant to the equitable tolling determination: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim). The factors were "not necessarily comprehensive or always relevant." *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005). The Supreme Court's decision in *Holland* replaced the five-factory inquiry with a two-part test, under which a habeas petitioner is entitled to equitable tolling only if the petitioner shows that (1) "he has been pursuing his rights diligently," and (2) that "some extraordinary circumstance stood in his way and prevented timely filing." *Hall*, 662 F.3d at 749 (citing *Holland*, 130 S.Ct. at 2562).

*Johnson v. United States*, 2012 WL 171379, at *7 (6th Cir. Jan. 23, 2012).

## II. LAW AND ARGUMENT

Petitioner's sentence was reduced to a judgment entry on April 7, 1983. Along with his co-defendants, Petitioner appealed his convictions and sentence. The Sixth Circuit affirmed Petitioner's convictions and sentence on May 29, 1985. *United States v. Gallo*, 763 F.2d 1504 (6th Cir. 1985). The United States Supreme Court denied a petition for a writ of certiorari in 1986. Petitioner did not file the instant petition until March of 2018, decades beyond the statute of limitations. Petitioner raises no argument for equitable tolling. Moreover, Petitioner wholly fails to argue in any manner why his petition should be considered timely. Accordingly, the Court concludes that the petition is time barred.

**III. CONCLUSION**

For the foregoing reasons, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DISMISSED.**  Doc. 21.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: July 13, 2018                    /s/ *John R. Adams*
                                        **JOHN R. ADAMS**
                                        **UNITED STATES DISTRICT JUDGE**